## VAN RAALTE *v.* UNITED STATES (No. 1754).[1]

1. RELATIVE SPECIFICITY.

A silk article known to the trade as a veil and as a scarf would be dutiable *eo nomine* as a veil under paragraph 358, tariff act of 1913, and not generally as silk wearing apparel under paragraph 317.

2. VEIL, DEFINITION.

To hold that the name veils applies only to such articles as cover and protect the face of the wearer only would be too narrow a definition of the word.

3. VEILS—AUTOMOBILE AND CHIFFON VEILS—AUTOMOBILE SCARFS.

Long and narrow light-textured silk fabrics, known variously in the trade as veils, scarfs, automobile and chiffon veils, and automobile scarfs, chiefly used by women as a covering for their hats or faces or both while riding in automobiles or, in the evening, to cover their heads and keep their hair intact or to throw around their shoulders, are dutiable *eo nomine* as veils under paragraph 358, tariff act of 1913, and not generally as wearing apparel under paragraph 317.

United States Court of Customs Appeals, November 2, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7924 (T. D. 36527).

[Affirmed.]

*Churchill, Marlow & Hines* for appellant.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel), for the United States.

[Oral argument Oct. 18, 1916, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise now under consideration was assessed with duty at the rate of 60 per cent ad valorem under the *eo nomine* enumeration of silk veils, contained in paragraph 358 of the tariff act of 1913.

The importers protested against the assessment, claiming that the goods were not silk veils but were silk scarfs, and therefore dutiable at 50 per cent ad valorem under the provision for silk wearing apparel contained in paragraph 317 of the act.

---

[1] Reported in T. D. 36868 (31 Treas. Dec., 544).

The protest was tried upon testimony before the Board of General Appraisers and was overruled. The importers now appeal.

The exhibits and testimony disclose the fact that the present merchandise consists of woven articles of various colors, of light texture, composed wholly of silk, measuring 75 to 90 centimeters in width and 170 centimeters in length. In some few instances the articles are as narrow as 45 centimeters. It is conceded that they would be dutiable under the general provision for silk wearing apparel in paragraph 317 of the act, unless taken out of that paragraph by the more specific provision for silk veils contained in paragraph 358. The sole question in the case therefore is one of fact, namely, whether the articles in question are silk veils, according to either the common or commercial use of that term.

The collector found the articles to be veils and so assessed them; and upon the testimony the board also held them to be veils. The present question, therefore, is whether the decision of the board is clearly against the weight of the evidence contained in the record.

Similar articles were before the board upon the same issue in a case filed by the appellants and reported in G. A. 7734 (T. D. 35498). The board held in that case, as in the present one, that the articles in question were dutiable under the provision for silk veils rather than under the more general provision for silk wearing apparel. The testimony taken in the case just cited is incorporated in the present record, and, in addition thereto, the testimony of six additional witnesses upon the issue was submitted by the respective parties at the hearing of the protest now upon appeal.

Upon a review of the record we find that the articles in question are chiefly used by women as a covering for their hats or faces, or both, while riding in automobiles. They are also used in the evening by women to cover their heads and keep their hair intact when without a hat or bonnet. They are also sometimes used in the evening to throw around the shoulders of the wearer. Some of the witnesses testify that the articles are known in the trade as veils, or as automobile and chiffon veils, and also as automobile scarfs. Other witnesses testify that they are generally known in the trade as scarfs, but that they are also known as automobile veils and as chiffon veils. The testimony is therefore divided into the two classes—that which supports the claim that the articles are known in the trade under the unqualified name of veils, and that which denies that the articles are thus known in the trade, but admits that they are known there as automobile veils and as chiffon veils.

We think that upon this testimony the board was justified in sustaining the assessment of the articles as veils. Not only the trade testimony, but also the conceded use and character of the articles support this view. The articles are chiefly worn by women over

their heads for the various purposes of protecting their hats, their hair, their faces, or all of these, while riding in automobiles. Articles like these, designed for such uses, fall within the common understanding of the word " veils." This statement is supported by the following definition of the word:

Standard Dictionary:

1. A piece of cloth or other material, usually thin and light, worn over the face or head for concealment, protection, or ornament. (1) A strip of cloth wound about the face to conceal it from view, as by oriental women, usually leaving the eyes visible, and not often covering only the mouth and chin. (2) In the ordinary dress of the women of modern western nations, a piece, as of gauze or crape, tied or pinned about the face or hanging from the hat or bonnet, as for protection from sun and wind.

It is claimed by the importers that fabrics used in part for the purpose of protecting the hats or shoulders of the wearers should not be called veils, but scarfs, the importers contending that the name veils properly applies only to such articles as cover and protect the face of the wearer only. There being no *eo nomine* provision for scarfs in the act, the articles would fall under this claim within the general classification of silk wearing apparel.

We think, however, that this is too narrow a definition of the term veils as used in the act and that the name is broad enough to cover such fabrics as the present ones, even though they may be used in part to cover and protect the wearer's hat as well as her face, and this conclusion is furthermore abundantly sustained by the testimony in relation to the trade usage of the term.

It should also be noted that if the term veils as generally used in the trade covers and includes the present articles, then they would respond to that term as used in the cited paragraph, even though the articles are sometimes also called scarfs. Lidenberg *v.* Robertson (41 Fed., 763); Loewenthal *v.* United States (2 Ct. Cust. Appls., 43; T. D. 31592).

The decision of the board is therefore *affirmed.*