**No. 66184.**—David E. Schwab & Co., Inc. *v.* United States, protests 59/8596, 59/31179, and 59/33837 (New York).

Ford, Judge: The suits listed above challenge the action of the collector in classifying certain imported merchandise as lace wearing apparel and assessing duty thereon at the rates of 45 per centum ad valorem or 42½ per centum ad valorem under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, or the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, depending upon the date of entry.

Plaintiff contends said merchandise is properly dutiable at the rate of 32½ per centum ad valorem under said paragraph 1529(a), as modified by the Torquay protocol, *supra*, as veils or veiling, made on any lace or net machine, wholly or in chief value of silk.

The record in this case consists of the testimony of one witness on behalf of the plaintiff and three exhibits, as well as a stipulation between counsel for the respective parties that the involved merchandise was made on a Levers lace machine and is chiefly used throughout the United States to cover the heads of women while in church. The witness testified that veils have a tendency to change in style and size from time to time and, in recent years, have become smaller than ones sold previously; that the imported article is more of a substitute for a lace mantilla than for a hat.

Based upon this record, counsel for both parties cite the following cases on veils and veiling:

*Van Raalte* v. *United States*, 7 Ct. Cust. Appls. 299, T.D. 36868;

*Tiedeman & Sons* v. *United States*, 8 Ct. Cust. Appls. 134, T.D. 37268;

*Elvic Import Corp.* v. *United States*, 38 Cust. Ct. 13, C.D. 1837.

In the *Van Raalte* case, *supra*, certain long and narrow light-textured silk fabrics used by women as a covering for their hats or faces or both, while riding in automobiles, or, in the evening, to cover their heads and keep their hair intact or to throw about their shoulders, were held to be dutiable under the *eo nomine* provision for veils rather than as wearing apparel under the Tariff Act of 1913. The court, in arriving at this conclusion, gave the following dictionary definition of the word "veils":

Standard Dictionary:

1. A piece of cloth or other material, usually thin and light, worn over the face or head for concealment, protection, or ornament. (1) A strip of cloth wound about the face to conceal it from view, as by oriental women, usually leaving the eyes visible, and not often covering only the mouth and chin. (2) In the ordinary dress of the women of modern western nations, a piece, as of gauze or crape, tied or pinned about the face or hanging from the hat or bonnet, as for protection from sun and wind.

In the *Tiedeman* case, *supra*, certain black, thin-woven chiffon, 36 inches wide and 60 to 70 yards long, with two closely woven stripes down the middle to serve as salvages when the fabric is split, and which is used, after splitting, to

cover the face panels of burial caskets, was found to be dutiable as veilings rather than as a woven fabric in the piece under the Tariff Act of 1913. The court, in arriving at this conclusion, made the following comment:

The term "veilings" as used in the tariff act is a designation which signifies a material chiefly or exclusively used for the making of veils. A veil is a piece of cloth or other material, usually thin and light, designed to be worn over the head and face as an ornament or to protect or wholly or partly conceal the face from view.

The *Elvic* case, *supra*, involved merchandise known as maline, which was classified under the provisions for netting and claimed to be properly dutiable under the provision for veilings. The court, in the *Elvic* case, *supra*, reviewed the *Van Raalte* and *Tiedeman* cases, *supra*, and found the maline involved therein to be for use by the millinery trade for decorating hats and making veils.

The court, in the *Elvic* case, *supra*, in reviewing the legislative background of the enactment of the provision involved herein made the following statement:

In the Summary of Tariff Information, 1929, on the Tariff Act of 1922, page 2026, is found the following:

Veiling is a general commercial term covering a wide variety of articles, such as chiffon, grenadine, fancy netting (having fancy "veiling" meshes, or ornamented with a bar or border or figuring), used chiefly or exclusively for the making of veils. A veil is a particular length of veiling.

The above volume is a comprehensive summary of available tariff information and was compiled by the United States Tariff Commission for the use of the Committee on Ways and Means, in connection with an examination of the Tariff Act of 1922, for the purpose of making any readjustments in said act, where found necessary. The above quotation shows quite clearly that, in the enactment of paragraph 1529 of the Tariff Act of 1930, the Congress was advised that veiling is a general commercial term covering a wide variety of articles, used chiefly or exclusively for the making of veils, and that a veil is a particular length of veiling.

In the Summary of Tariff Information, 1948, page 20, under the heading "Comment," appears the following:

Veilings are light, fancy, open fabrics, usually of silk or rayon, and frequently ornamented with a design along the border. A veil is a particular length of veiling. Most veilings are made on the Levers lace machine. Nettings produced on the Mechlin machine are sometimes cut up and made into veils, and very fine nets made on the bobbinet machine are used for bridal veils. The principal use for veilings is in the making of veils for the ornamentation of women's hats.

From the foregoing, it is apparent that "a veil is a particular length of veiling," and covers "a wide variety of articles, such as chiffon, grenadine, fancy netting (having fancy 'veiling' meshes, or ornamented with a bar or border or figuring), used chiefly or exclusively for the making of veils." The record contains no evidence as to how the involved articles were made with the exception that it was agreed between counsel for the parties that it was made on a Levers machine. Whether the article was made from "veiling" and, hence, might conceivably be a particular length of veiling, which, from the foregoing, appears to be one of the requisites of a veil, is not of record.

Based upon an examination of the cases cited, *supra*, and the record made, we are of the opinion that the imported merchandise is not encompassed within the term "veil," as used in the present act. Accordingly, plaintiff has failed to overcome the presumption of correctness attaching to the classification of the collector. *George D. Spiers* v. *United States*, 47 C.C.P.A. (Customs) 118, C.A.D. 742.

The protest is overruled. Judgment will be rendered accordingly.