No. 69427.—David E. Schwab Co., Inc. *v.* United States, protest 60/11931 (New York).

Ford, Judge :  This action is a retrial of the case of *David E. Schwab & Co. Inc.,* v. *United States,* 47 Cust. Ct. 353, Abstract 66184, the record of which is incorporated herein.  The merchandise in the incorporated case and in the instant case consists of certain articles of merchandise utilized by women to cover their heads in church and are known as chapel caps or mantillas.  The merchandise herein was assessed with duty at the rate of 42½ per centum ad valorem under the provisions of paragraph 1529(a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as lace wearing apparel.

It is the contention of plaintiff in the instant case, as it was in the incorporated case, *supra,* that said merchandise is properly dutiable at the rate of 32½ per centum ad valorem under said paragraph 1529(a) of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as veils, made on any lace or net machine, wholly or in chief value of silk.

The record in the incorporated case, *supra,* consisted of the testimony of one witness, called on behalf of the plaintiff, a stipulation by and between counsel for the respective parties that said merchandise was made on a Levers lace

machine and was chiefly used throughout the United States to cover the heads of women while in church, and three exhibits. The testimony adduced therein was to the effect that veils have changed in style and size throughout the years and in recent years have become smaller and that the imported article was more a substitute for a lace mantilla than a hat.

Our decision in the incorporated case, *supra*, after reviewing the cases of *Van Raalte* v. *United States*, 7 Ct. Cust. Appls. 299, T.D. 36868; *Tiedeman & Sons* v. *United States*, 8 Ct. Cust. Appls. 134, T.D. 37268; and *Elvic Import Corp.* v. *United States*, 38 Cust. Ct. 13, C.D. 1837, and various dictionary definitions and the Summaries of Tariff Information for both 1929 and 1948, concluded that a veil is a particular length of veiling which covers a wide variety of articles, such as chiffon, grenadine, fancy netting (having fancy "veiling" meshes, or ornamented with a bar or border or figuring), used chiefly or exclusively for the making of veils. The protest was overruled in said case, since the record failed to establish that the imported merchandise was made from veiling.

In the case at bar, the importer has introduced by way of deposition, received in evidence as plaintiff's exhibit 1, the testimony of Etienne Lescroart, the manager of the company manufacturing the imported merchandise, whose testimony basically covers the mechanical operations of the manufacturing process, as well as the testimony of Mr. Auguste Schwab, and a number of illustrative exhibits. Defendant introduced the testimony of Mr. Harry Polishook, production manager in the lace department of Emil Katz & Co.

The evidence of record relative to the manufacture of the material from which the imported article is made is not deemed particularly pertinent to the decision herein, since it is obvious from the provision claimed hereunder, namely, veils and veilings made on any lace or net machine, that both laces and veilings can be made on a lace machine. The record herein, and that of the incorporated case, establish that the merchandise involved is in chief value of silk, is chiefly used throughout the United States by women to cover their heads while in church, and is made on a Levers lace machine. Therefore, the only issue before the court is whether the chapel caps or mantillas involved herein are chiefly used as veils, within the common meaning of that term.

In the *Schwab* case, *supra*, we relied upon the following information with respect to veils and veilings:

In the *Van Raalte* case, *supra*, certain long and narrow light-textured silk fabrics used by women as a covering for their hats or faces or both, while riding in automobiles, or, in the evening, to cover their heads and keep their hair intact or to throw about their shoulders, were held to be dutiable under the *eo nomine* provision for veils rather than as wearing apparel under the Tariff Act of 1913. The court, in arriving at this conclusion, gave the following dictionary definition of the word "veils":

Standard Dictionary:

1. A piece of cloth or other material, usually thin and light, worn over the face or head for concealment, protection, or ornament. (1) A strip of cloth wound about the face to conceal it from view, as by oriental women, usually leaving the eyes visible, and not often covering only the mouth and chin. (2) In the ordinary dress of the women of modern western nations, a piece, as of gauze or crepe, tied or pinned about the face or hanging from the hat or bonnet, as for protection from sun and wind.

\*  \*  \*  \*  \*  \*  \*

In the Summary of Tariff Information, 1929, on the Tariff Act of 1922, page 2026, is found the following:

Veiling is a general commercial term covering a wide variety of articles, such as chiffon, grenadine, fancy netting (having fancy "veiling" meshes, or ornamented with a bar or border or figuring), used chiefly or exclusively for the making of veils. A veil is a particular length of veiling.

The above volume is a comprehensive summary of available tariff information and was compiled by the United States Tariff Commission for the use of the Committee on Ways and Means, in connection with an examination of the Tariff Act of 1922, for the purpose of making any readjustments in said act, where found necessary. The above quotation shows quite clearly that, in the enactment of paragraph 1529 of the Tariff Act of 1930, the Congress was advised that veiling is a general commercial term covering a wide variety of articles, used chiefly or exclusively for the making of veils, and that a veil is a particular length of veiling.

In the Summary of Tariff Information, 1948, page 20, under the heading "Comment," appears the following:

> Veilings are light, fancy, open fabrics, usually of silk or rayon, and frequently ornamented with a design along the border. A veil is a particular length of veiling. Most veilings are made on the Levers lace machine. Nettings produced on the Mechlin machine are sometimes cut up and made into veils, and very fine nets made on the bobbinet machine are used for bridal veils. The principal use for veilings is in the making of veils for the ornamentation of women's hats.

Plaintiff argues that since the material from which the imported merchandise is made is produced in such a manner as to permit the cutting of the involved chapel caps, the material is, therefore, veiling. Plaintiff further urges that since the material from which the chapel caps or mantillas are made is veiling, the defect in the incorporated case has been cured and it should prevail.

While it is true that a veil is a particular length of veiling, the mere fact that the material from which it is made is considered veiling, does not *ipso facto* make the article a veil. In order to fall within the common meaning of the term "veil," we feel that the article must be used to protect the face, head, or hat of the wearer, or used for the purpose of concealment or ornamentation. The record in the instant case establishes that the imported chapel caps or mantillas are used on the top of the wearer's head and do not generally extend any further, and they are not used for any of the purposes described above. It would, therefore, appear that said merchandise does not fall within the term "veils."

The protest is, accordingly, overruled. Judgment will be entered accordingly.