DAVID E. SCHWAB CO., INC. *v.* UNITED STATES (No. 5225)*

United States Court of Customs and Patent Appeals, December 8, 1966

*John R. Rafter*, (*Thomas J. McKenna*, of counsel) for appellant.
*John W. Douglas*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *James S. O'Kelly* for the United States.

[Oral argument November 8, 1966 by Mr. McKenna and Mr. Vance]

Before WORLEY, Chief Judge, and RICH, SMITH, and ALMOND, Associate Judges, and Judge WILLIAM H. KIRKPATRICK**

RICH, Judge, delivered the opinion of the court:
▉ This appeal is from the judgment of the United States Customs Court, Second Division, 55 Cust. Ct. 385, Abstract 69427, overruling

*C.A.D. 896.
**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

the importer's protest to the assessment of duty on rounds of machine-made lace between eleven and twelve inches in diameter (nominally 30 ·centimeters), commonly known and described as "chapel caps" or ·"lace prayer caps." Samples are in evidence.

The importer concedes that they are made in France on a Levers lace machine, that they are chiefly used throughout the United States by women to cover their heads while in church, and that they are in ·chief value of silk.

The imports were classified under paragraph 1529(a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Con-·cessions to GATT, 91 Treas. Dec. 150, T.D. 54108, as lace wearing ·apparel.

Appellant claims classification under the same paragraph, as modi-·fied by the Torquay Protocol to GATT, 86 Treas. Dec. 121, T.D. 52739, ·as veils.

The statutory provisions are:

Paragraph 1529(a) of the Tariff Act of 1930, as modified by T.D. 54108:

Articles (including fabrics) wholly or in part of any product provided for in this subparagraph:
In part of machine-made lace and not described elsewhere in this subparagraph:
Wearing apparel:
Other_____ 42½% ad val.

Paragraph 1529(a), as modified by T.D. 52739:

Veils and Veilings:
Made on any lace or net machine, whether or not embroidered,
wholly or in chief value of silk or rayon or other syn-thetic textile_____ 32½% ad val.

This case was a retrial of *David E. Schwab & Co.* v. *United States*, ·47 Cust. Ct. 353, Abstract 66184. Additional testimony and exhibits were introduced in the second trial, the record of which is incorporated herein. In both cases the Customs Court overruled the protest, holding that the lace caps did not fall within the common meaning of the term ·"veil." We agree.

Appellant accepts all aspects of the finding below with but a single ·exception. It says that the lower court held the chapel caps are not veils "because they were not used '* * * to protect the face, head, or hat of the wearer, or used for the purpose of concealment or ornamen-tation'." It then says that the issue here is: "Does the record herein establish that said chapel caps are worn for protection or concealment or ornamentation?" It is apparently assumed that an affirmative answer to that question must result in a reversal.

We do not thus view that as the issue, which is whether appellant has established by evidence that the imports are veils, according to

the common meaning of that term. Accepting appellant's statement of the issue, however, we find the logic at fault. A lady's sun hat is worn for protection, yet it is not a veil; a boudoir cap is worn for concealment, yet it is not a veil; and many kinds of women's "hats" are worn solely for ornamentation, yet they are not veils. ■ The mere fact that a lace cap protects, or conceals, or ornaments does not establish it as a veil though a veil may do one or more of those things.

The record shows that both lace and veilings are made on the Levers machine so the fact that the imports are made on that machine does not tend to support appellant's claim. We find the testimony of the witnesses as to whether the caps are or are not veils entirely inconclusive and note that appellant's brief places no reliance on it, seeking refuge in dictionary definitions of the word "cover," believing, apparently, that if a piece of lace covers a woman's head in normal use it is a veil. But a head covering may be a hat, a cap, a scarf, a shawl, or a babushka.

That being all there is to the argument in appellant's commendably short brief, the judgment below must be *affirmed*.